THE ASHLAND.[1]

(*Circuit Court, E. D. Louisiana.* December, 1883.)

1. PRACTICE—APPEAL—REMITTITUR.

Where a judgment was rendered by the district court against claimants for an appealable amount, and thereafter proctor for libelants offered to enter a *remittitur* of so much of the judgment as to reduce it below the appealable amount, and the district court refused to allow the *remittitur*, *held*, that it was within the discretion of the district judge to allow or refuse to allow the *remittitur* to be entered.

*Ins. Co.* v. *Nichols*, 3 Sup. Ct. Rep. 120, followed.

2. SAME.

A *remittitur* comes too late when offered to be entered after an appeal has been allowed.

On Motion to Dismiss Appeal in Admiralty.

*R. King Cutler*, for libelants.

*A. G. Brice, Joseph P. Hornor*, and *F. W. Baker*, for claimant.

PARDEE, J. It appears from the transcript that on June 7, 1883, the judgment was rendered in the district court for $51. On the same day a motion for appeal was made and allowed. June 9th a bond was given and accepted. June 11th the decree was signed by the district judge, and on the same day a *remittitur* of one dollar "was filed, but not entered on the minutes, nor allowed by the court." The motion to dismiss must be overruled and refused because (1) the *remittitur* was not allowed by the court. *Alabama Gold Life Ins. Co.* v. *Nichols*, 3 Sup. Ct. Rep. 120. (2) It came too late after an appeal was allowed and perfected.

Order accordingly.

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.